UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHAN ROSE                                   CIVIL ACTION

VERSUS                                          NUMBER: 08-4783

HOWARD PRINCE, WARDEN                           SECTION: "R"(5)

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Jonathan Rose, and the State's response thereto. (Rec. docs. 3, 9). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Rose's petition be dismissed with prejudice.

**PROCEDURAL HISTORY**

Petitioner Rose is a state prisoner who is presently incarcerated at the Hunt Correctional Center, St. Gabriel, Louisiana. On August 26, 2002, the Jefferson Parish District Attorney filed a bill of information charging Rose with conspiracy

to commit armed robbery (count one), armed robbery (count two), and assault by drive-by shooting (count three). On September 9, 2002, Rose pled not guilty to the charges. On October 9, 2003, Rose's motion to suppress was denied. On April 14, 2004, Rose was tried before a twelve-person jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, and was found guilty as charged on each count. On June 3, 2004, Rose was sentenced to 30 years imprisonment at hard labor with respect to count one, 50 years imprisonment on count two, and five years imprisonment on count three, with all sentences to be served concurrently. The trial court ordered the sentences on counts one and two to be served without benefit of parole, probation, or suspension of sentence and the sentence on count three to be served without suspension of sentence. (St. ct. rec., vol. 2 of 6, pp. 7-13).

On direct appeal, this matter was originally docketed under Louisiana Fifth Circuit Court of Appeal Docket No. 05-KA-545. That appeal, however, was dismissed due to what appeared to be the district court's failure to sentence Rose on count three. The matter was subsequently re-docketed under Louisiana Fifth Circuit Court of Appeal Docket No. 05-KA-770; and, the record was supplemented with the complete sentencing transcript.

On February 27, 2006, the Louisiana Fifth Circuit Court of

Appeal affirmed Rose's convictions and sentences. State v. Rose, No. 05-KA-770, 924 So.2d 1107 (La. App. 5 Cir. 2006).[1]  Pursuant to Rule X, §5(a) of the Rules of the Louisiana Supreme Court, Rose had thirty days from February 27, 2006, until March 29, 2006, in which to timely seek writs from the Louisiana Supreme Court. See, e.g., Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).  Rose, however, waited until March 30, 2006 to date and sign his writ application to the state's highest tribunal. (St. ct. rec., vol. 6 of 6).  That application was denied on November 22, 2006. State v. Rose, No. 2009-KO-1286, 942 So.2d 554 (La. 2006).  Rose did not file a petition for a writ of certiorari to the United States Supreme Court.

On September 7, 2007, Rose filed an application for post-conviction relief with the state district court. (St. ct. rec., vol. 5 of 6).  His application was denied by the state district court on October 11, 2007. (St. ct. rec., vols. 5 and 6 of 6).  The state appellate court denied review on December 19, 2007. State v. Rose, No. 07-KH-894 (La. App. Dec. 19, 2007) (unpublished decision). (St. ct. rec., vols. 5 and 6 of 6).  The Louisiana Supreme Court, on October 10, 2008, again denied a writ application

---

[1] The court of appeal remanded the matter to the district court for the limited purpose of having the lower court instruct Rose of La.C.Cr.P. art. 930.8's two-year prescriptive period for seeking state post-conviction relief.

3

from Rose, this time refusing to review the denial of post-conviction relief. State ex rel. Rose v. State, No. 2008-KH-0232, 993 So.2d 1279 (La. 2008).

On April 7, 2008, while his first post-conviction application was still pending before the Louisiana Supreme Court, Rose filed a second post-conviction application with the state district court. (St. ct. rec., vol. 5 of 6). His second post-conviction application was denied by the state district court on April 25, 2008. (St. ct. rec., vol. 5 of 6). The Louisiana Fifth Circuit Court of Appeal denied review on June 13, 2008. State v. Rose, No. 08-KH-434 (La. App. June 13, 2008) (unpublished decision). (St. ct. rec., vol. 5 of 6). The Louisiana Supreme Court on April 3, 2009, denied Rose's writ application. State ex rel. Rose v. State, No. 2008-KH-1486, 6 So.3d 764 (La. 2009).

On October 26, 2008, while his second post-conviction application was still pending before the Louisiana Supreme Court, Rose filed the instant habeas corpus application. In his habeas petition, Rose raises the same claims he raised in his first state post-conviction application, namely: 1) There was insufficient evidence to convict him of armed robbery; 2) His conviction of conspiracy to commit armed robbery was violative of the prohibition against double jeopardy; and, 3) There was insufficient evidence to convict him of assault by drive-by shooting.

4

**ANALYSIS**

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Rose have one year from the date that their convictions become final to timely seek federal habeas corpus relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

Rose's convictions and sentences became final on March 29, 2006, when his time for seeking relief from the state appellate court's February 27, 2006 adverse decision expired. Butler, 533 F.3d at 316-318.[2] Under §2244(d), Rose thus had until March 29,

---

[2] In his Objections (rec. doc. 11, pp. 6-7), Rose seeks to extend the finality of his conviction by 14 days, until after his time, under La.C.Cr.P. art 922, for seeking a rehearing of the appellate court's adverse decision expired. However, such an extension is not provided for under applicable law. See Jones v. Cain, 2009 WL 928477, *3 (E.D. La. Apr. 3, 2009) (Wilkinson, MJ.), citing Butler ("Jones's conviction became final 30 days after the ruling of the Louisiana Fifth Circuit, ... because he

5

2007 within which to timely seek federal relief unless the one-year time period was tolled by the pendency of a properly-filed application for post-conviction relief or other collateral review. Rose, however, did not file his first application for state post-conviction relief until September 9, 2007, over five months after his one-year prescriptive period had expired. As Rose had no qualifying proceedings under §2244(d)(2) pending before the state courts in the one-year period following the date that his conviction became final, his petition is untimely and should be dismissed as such.³

Alternatively, habeas relief is not appropriate in this case as Rose's claims are procedurally barred. As noted above, Rose

---

did not seek rehearing or file for timely review in the Louisiana Supreme Court. [Footnote omitted.]"); Harper v. Cain, 2009 WL 910676, *3 (E.D. La. Apr. 2, 2009) (Knowles, MJ.) ("Harper's conviction became final 30 days after the ruling of the Louisiana First Circuit, ... because he did not seek rehearing or file for timely review in the Louisiana Supreme Court. [Footnote omitted.]"); Armstrong v. Cain, 2008 WL 3876408, *2 (E.D. La. Aug. 20, 2008) (Roby, MJ.) ("The Louisiana Fifth Circuit affirmed his conviction and sentence on February 16, 2000.... Armstrong did not timely seek further review of this ruling. His conviction therefore became final 30 days later, on March 17, 2000. [Footnotes and citation omitted.]"

³As the Fifth Circuit explained in Butler, 533 F.3d at 318, the time, March 30, 2006 to November 22, 2006, during which Rose's late Louisiana Supreme Court writ application, No. 2006-KO-1286, was pending, does not toll prescription as the application was on direct review, rather than post-conviction or other collateral review as required under the tolling provisions of Section 2244(d)(2).

raised the instant claims in connection with his first state post-conviction application. On October 11, 2007, the district court issued an order denying these claims as procedurally barred pursuant to La.C.Cr.P. art. 930.4.[4] (St. ct. rec., vol. 5 of 6). The State contends that as a result of the district court's ruling, Rose is in procedural default, thereby preventing federal review.

The United States Fifth Circuit Court of Appeals has concisely set forth the standards to be used when analyzing whether a petitioner has procedurally defaulted, thereby barring federal habeas review:

> "A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision. To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims. This rule applies to state court judgments on both substantive and procedural grounds. Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground."

---

[4]La.C.Cr.P. art. 930.4 provides, in pertinent part, as follows:

> C. If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief.

7

Bell v. Cain, 2002 WL 31002831, *4 (E.D. La. 2002) (Africk,J.), quoting Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted). "When the state court has relied on an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Id., quoting Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).

It is well-established that a denial of relief based upon a petitioner's failure to raise claims on direct appeal, as provided for under La.C.Cr.P. art. 930.4(C), "is a state procedural rule 'independent of the merits of the federal claim.'" Id. As such, the next matter to be addressed is whether or not the state procedural rule is "adequate."

> "The [procedural default or procedural bar] doctrine presumes that a state procedural ground is adequate ... and, ordinarily, the burden is on the habeas petitioner to demonstrate otherwise." Hughes, 191 F.3d at 614. In order to establish that a state procedural default is not "adequate," the "petitioner bears the burden of showing that the state did not strictly or regularly follow [the] procedural bar...." Stokes v. Anderson, 123 F.3d 858, 860 (5th Cir. 1997).

Bell, 2002 WL at *4.

Rose argues in his Objections (rec. doc. 11, p. 11) that the state procedural rule at issue, La.C.Cr.P. art. 930.4(C), was not

applied evenhandedly and, therefore, is not "adequate." Rose bases his argument on the fact that he was not provided with an opportunity, as required under La.C.Cr.P. art. 930.4(F), to provide an explanation for his failure to raise his claims on appeal.[5]

A similar argument was raised by the habeas petitioner in Rodriguez v. Cain, 2007 WL 4522497 (E.D. La. Dec. 17, 2007) (Berrigan, J.). Specifically, petitioner challenged the adequacy of La.C.Cr.P. art. 930.4(C) based upon the fact "that the trial court failed to order him to explain why he had not submitted his claims in earlier proceedings as required by art. 930.4(F)...." Id. at *18. The court, however, rejected petitioner's challenge based upon the fact that petitioner utilized the Uniform Application for Post Conviction Relief form in seeking post-conviction relief and the form provides petitioners with an opportunity to explain why they may have failed to raise a particular ground for relief in earlier proceedings. The court reasoned:

---

[5] La.C.Cr.P. art. 930.4(F) provides, in pertinent part, as follows:

> If the court considers dismissing an application for failure of the petitioner to raise the claim in the proceedings leading to conviction, failure to urge the claim on appeal, or failure to include the claim in a prior application, the court shall order the petitioner to state reasons for his failure.

9

> "Proper use of the Uniform Application ... satisfies the requirements of Art. 930.4(F) without the need for further filings, formal proceedings, or a hearing. Therefore, Petitioner's argument that procedural default is inapplicable is a non-starter because the trial judge is deemed to have complied with art. 930(F) by virtue of the petitioner's having filed a Uniform Application."

Id. at *18-19, quoting Hess v. Cain, 2005 WL 1028558, *3 E.D. La. Apr. 29, 2005) (Berrigan, J.) (citation omitted).

Rose, like the petitioners in Rodriquez and Hess, utilized a Uniform Application for Post-Conviction Relief form in raising the instant claims before the state district court. (St. ct. rec., vol. 5 of 6). In this form, Rose had the opportunity to explain why he had not raised these claims in earlier proceedings. Accordingly, Rose's claim that the district court's use of Article 930.4(C) in denying his claims did not constitute an adequate procedural bar for purposes of precluding federal habeas review because the court failed to comply with the provisions of Article 930.4(F), is without merit. As such, federal habeas review of Rose's claims is barred unless "'petitioner demonstrates either cause and prejudice or that a failure to address the claim[s] will result in a fundamental miscarriage of justice.'" Bell, 2002 WL at *5, quoting Hughes, 191 F.3d at 614.

> "To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted) (emphasis in original). Therefore,

10

> petitioner must show that some objective factor, external to the defense, prevented him or his defense counsel from raising the claim[s] at issue in a procedurally proper manner. Romero v. Collins, 961 F.2d 1181, 1183 (5th Cir. 1992). Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel. Id.

Bell, 2002 WL at *5.

In this case, Rose has offered no explanation as to why his claims of insufficient evidence and double jeopardy were not presented in a procedurally proper manner. Accordingly, he has failed to establish cause for the procedural default. "'Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice.'" Id., quoting Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Thus, the instant claims are procedurally barred unless Rose can show that a fundamental miscarriage of justice would result. To establish a "fundamental miscarriage of justice," a petitioner "must 'make a persuasive showing that he is actually innocent of the charges against him.'" Id., quoting Finley, 243 F.3d at 220. As explained by the Fifth Circuit in Lucas v. Johnson, 132 F.3d 1069, 1077 (5th Cir. 1998), to demonstrate "actual innocence," a petitioner must "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable

11

doubt...." Rose, in this case, has failed to make such a showing. Accordingly, this Court is barred from considering Rose's claims.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Jonathan Rose be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this __7th__ day of _____July_____, 2009.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE